UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN EASTERLING,
    Plaintiff,

vs.

JUDGE JOHN W. RUDDUCK
    Defendant.

Case No. 1:14-cv-876

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, brings this action against defendant Judge John W. Rudduck[1] under 42 U.S.C. § 1985, claiming that defendant violated his constitutional right to equal protection. (Doc. 1). This matter is before the Court on defendant's motion to dismiss (Doc. 8), plaintiff's response in opposition (Doc. 10), and defendant's reply memorandum (Doc. 12). This matter is also before the Court on plaintiff's motion for summary judgment (Doc. 11) and defendant's response in opposition (Doc. 13).[2]

**I. Background**

Plaintiff's claims arise out of a November 15, 2012 Order issued by defendant, a judge for the Court of Common Pleas of Clinton County, Ohio, declaring plaintiff to be a vexatious litigator under Ohio Rev. Code § 2323.52. *See* Doc. 1, Ex. 1 (November 15, 2012 Order). The November 15, 2012 Order further provides that plaintiff engaged in frivolous conduct which adversely affected the defendant in that matter, Liberty Savings Bank, FSB (Liberty), and that plaintiff was therefore required to pay Liberty $46,038.53 in attorney fees.[3] (*Id.*). Plaintiff filed the instant federal lawsuit on November 13, 2014. (Doc. 1).

---

[1] Defendant's name appears as "John W. Ruddock" in plaintiff's complaint; however, defendant represents that this is in error and that his surname is "Rudduck." *See* Doc. 12 at 1.

[2] Plaintiff's time for filing a reply memorandum has elapsed. *See* S.D. Ohio Civ. R. 7.2.

[3] The November 15, 2012 Order provides a detailed description of the plaintiff's litigation history before the Ohio court and it will not be reiterated here. *See* Doc. 1, Ex. 1.

Plaintiff's complaint provides:

> In violation of title 42 U.S.C. 1985, the Defendant while performing as a judge in the counterclaim in case CVH 2011 0252 violated the plaintiff's right to equal protection of Civ. R. 56 when he declared the Plaintiff a vexatious litigator on November 15, 2012 when multiple genuine issues to material facts existed which prevented the defendant from granting summary judgment to Liberty Savings Bank, FSB.

(Doc. 1 at 2, ¶ 1). Plaintiff alleges that by issuing the November 15, 2012 Order declaring plaintiff to be a vexatious litigator, defendant "committed fraud upon the court . . . in an effort to obstruct justice and a conspiracy for the deprivation of rights granted to all citizens in violation of Title 42 U.S.C. 1985." (*Id.* at 4). Plaintiff has attached various documents to his complaint, including the November 15, 2012 Order and related briefs and documents. *See* Doc. 1, Exhs. 1-15. Plaintiff seeks to have this Court reverse defendant's November 15, 2012 Order and require Liberty to pay plaintiff $7.25 million in damages in connection with his now-dismissed state law claims. (Doc. 1 at 9).

**II. Standard of Review**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at

2

678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. Resolution

Defendant moves to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), asserting that: (1) this Court does not have subject matter jurisdiction over plaintiff's challenges to the Ohio state court decision; (2) defendant is absolutely immune from plaintiff's claims; and (3) plaintiff's complaint fails to state a legally cognizable claim. (Doc. 8). Defendant's arguments will be addressed in turn.

#### A. Subject Matter Jurisdiction

Defendant argues that because plaintiff's claims arise out of challenges to defendant's state court judicial decisions, this Court is precluded from reviewing them under the *Rooker-Feldman* doctrine. Defendant maintains plaintiff's complaint must be dismissed for want of jurisdiction because plaintiff seeks to have this Court review defendant's judicial decisions. In support, plaintiff cites to *Hall v. Callahan*, 727 F.3d 450, 453-54 (6th Cir. 2013), where the Sixth Circuit Court of Appeals affirmed the District Court's grant of a motion to dismiss because the

3

plaintiffs' claims against the defendant, a state court judge, were barred by the *Rooker-Feldman* doctrine. Because plaintiff's complaint here specifically requests that this Court reverse defendant's judicial decisions, defendant contends that dismissal is appropriate because the *Rooker-Feldman* doctrine bars such a request. (Doc. 8 at 3-4).

In response, plaintiff contends that the *Rooker-Feldman* doctrine does not bar the Court from reviewing his claims against defendant. Plaintiff asserts that this Court has jurisdiction over his constitutional law claims under 28 U.S.C. § 1331, "which allows federal district courts to have original subject matter jurisdiction over all cases alleging a violation of rights under U.S. Law, the Constitution or treaties agreed to by the United States." (Doc. 10 at 2).

Federal courts lack authority under the *Rooker-Feldman* doctrine to sit as a state appellate court to review state court determinations. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "stands for the proposition that a federal district may not hear an appeal of a case already litigated in the state court." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The Supreme Court more recently reaffirmed that the *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). S*ee also Mines v. Franklin Savings & Loan*, No. 1:09-cv-914, 2011 WL 882976, at *2 (S.D. Ohio Jan. 31, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011) (Weber, J.).

4

"If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Lawrence,* 531 F.3d at 368 (quotation omitted).

Here, plaintiff directly challenges defendant's state court judicial determination that plaintiff is a vexatious litigator. Plaintiff explicitly requests a reversal of defendant's November 15, 2012 judicial decision and further seeks to have this Court order non-party Liberty to pay him $7.25 million in damages, the amount prayed for in the state court litigation presided over and dismissed by defendant. (Doc. 1)

The concrete actions that give rise to plaintiff's claims for relief arise solely from actions taken by the defendant in the state-court proceedings and from the state court's substantive rulings in those proceedings. Construing the complaint liberally, it can only be interpreted as a request for review of the court's judgment in the state court case. Although plaintiff has alleged that defendant engaged in misconduct during the state proceedings by entering into a conspiracy and obstructing justice, the source of plaintiff's injury derives solely from defendant's state court judicial determination that plaintiff is a vexatious litigator under Ohio state law. *Cf. Hillman v. Edwards,* No. 2:11-cv-601, 2011 WL 4711979, at *2 (S.D. Ohio Oct. 6, 2011) (rejecting the argument that the plaintiff stated an "independent claim" to the extent the "underlying state action was based on allegations that the named Defendant engaged in misconduct"). Plaintiff's claims before this Court seeking reversal of defendant's judicial determinations are precisely the type of claims barred by *Rooker-Feldman*.

To the extent plaintiff claims that this Court retains jurisdiction under 28 U.S.C. § 1331, this assertion is unpersuasive. Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331. The *Rooker-Feldman* doctrine limits the subject matter jurisdiction afforded to the federal courts by § 1331. *See Blanton v. U.S.*, 94 F.3d 227, 233-34 (6th Cir. 1996) ("Lower courts have no jurisdiction to directly review final decisions of the courts of a state or similar jurisdiction in judicial proceedings.") (citing *Feldman*, 460 U.S. at 476; *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970)). "The doctrine complements the statutory jurisdictional scheme of the federal courts . . . that limits federal review of state court proceedings to the United States Supreme Court." *In re Singleton*, 230 B.R. 533, 536 (6th Cir. 1999) (citing 28 U.S.C. §§ 1331, 1343). While the Supreme Court has acknowledged that a state court judgment does not necessarily preclude federal district court jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331, *see Exxon Mobile*, 544 U.S. at 292, it has clarified that "[t]he *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme Court]." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n.3 (2002). It is clearly established that lower federal courts do not have jurisdiction to review and determine the validity of state court judgments even if, as here, a plaintiff claims that his federal constitutional rights were violated at the state level. *See Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. 413. Because plaintiff seeks to have this Court reverse defendant's state level judicial decision, he cannot avoid application of the *Rooker-Feldman* doctrine.[4]

Accordingly, plaintiff's challenge to defendant's state court determination that plaintiff is a vexatious litigator is barred by the *Rooker-Feldman* and his complaint should therefore be

---

[4] Notably, this precise issue has been previously addressed by this Court in other cases filed by plaintiff. *See Easterling v. Ohio*, No. 3:13-cv-24, 2013 WL 1664227, at *1-3 (S.D. Ohio Apr. 17, 2013) (Supplemental Report and Recommendation), *adopted*, 2013 WL 4757484 (S.D. Ohio Sept. 4, 2013); *Easterling v. Crawford*, No. 3:13-cv-430, 2014 WL 667638, at *3 (S.D. Ohio Feb. 20, 2014) (Supplemental Report and Recommendation), *adopted*,

dismissed.

B. Judicial Immunity

Defendant further argues that even if plaintiff's lawsuit is not barred by *Rooker-Feldman*, his complaint should nevertheless be dismissed because defendant, as a judge for the Clinton County Court of Common Pleas, is entitled to absolute immunity from any claims arising out of his performance of a judicial act. Defendant maintains that this absolute judicial immunity is overcome only if (1) he was acting in the absence of all jurisdiction or (2) his challenged acts were non-judicial in nature. Defendant argues that neither exception applies here because his acts were within the general power of the Clinton County Court of Common Pleas and were judicial in nature. Defendant further argues, in response to allegations in plaintiff's complaint that judicial immunity does not attach where there is no claim for money damages, *see* Doc. 1 at 3-4, that he is not simply entitled to immunity from damages but to absolute immunity from plaintiff's lawsuit. In support, defendant cites to *Mireles v. Waco*, 502 U.S. 9, 11 (1991), where the Supreme Court held that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." (Doc. 8 at 4-8).

In response, plaintiff asserts that "defendant [cannot] be immune from obeying state and federal law in the performance of his duties." (Doc. 10 at 3). Plaintiff reiterates that his is "not a complaint for monetary damages" and cites to *Ex Parte Young*, 209 U.S. 123 (1908), to support his claim that defendant "can be enjoined from the violation of any citizen's Fourteenth Amendment rights." (*Id.*). Plaintiff concludes by arguing that judicial immunity applies only to cases seeking monetary damages. (*Id.*).

Judges are afforded absolute immunity from liability for acts they commit while functioning within their judicial capacity, except in two situations. *Mireles v. Waco*, 502 U.S. 9

---

2015 WL 1476402 (S.D. Ohio Mar. 31, 2015).

7

(1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (internal citations omitted). "Whether an act is judicial depends on the nature and function of the act, not the act itself." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (quoting *Mireles*, 502 U.S. at 13) (internal quotation marks omitted). In determining whether an act is judicial, the Court looks to: (1) "the nature of the act itself, whether the act is a 'function normally performed by a judge'"; and (2) "whether the parties 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Mireles*, 502 U.S. at 13).

Here, plaintiff's allegations against defendant relate entirely to actions defendant undertook in his capacity as a judge for the Clinton County Court of Common Pleas. The documents plaintiff attached to his complaint establish that defendant's determination that plaintiff is a vexatious litigator under Ohio Rev. Code § 2323.52 was a judicial act made pursuant to his role as the judge in plaintiff's Ohio state lawsuit against Liberty. *See* Doc. 1, Ex. 1. *See also Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)) ("The application of judicial immunity is simple and non-controversial when applied to 'paradigmatic judicial acts,' or acts of actual adjudication, i.e., acts involved in resolving disputes between parties who have invoked the jurisdiction of the court."). The Court therefore concludes that defendant's entry of the November 15, 2012 Order resolving the dispute between plaintiff and Liberty is a judicial act for purposes of judicial immunity.

The Court further finds that defendant was acting within his jurisdiction as a judge for the Court of Common Pleas of Clinton County, Ohio when he determined plaintiff to be a vexatious litigator. Pursuant to Ohio Rev. Code § 2305.01, "the court of common pleas has

8

original jurisdiction in all civil cases wherein the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts. . . ." As plaintiff's Ohio state lawsuit sought damages in excess of $15,000.00, *see* Doc. 1, Ex. 7 at 18, defendant was acting within his jurisdiction as a judge for an Ohio Court of Common Pleas in declaring plaintiff a vexatious litigator. *See* Ohio Rev. Code § 1901.17 (Ohio municipal courts do not have jurisdiction over matters in which the amount claimed to be recovered exceeds $15,000.00). Plaintiff fails to plead any facts and has not presented any argument supporting the conclusion that defendant was acting in the complete absence of jurisdiction.

Because the actions giving rise to plaintiff's claims were judicial acts made pursuant to defendant's jurisdiction over plaintiff's Ohio state lawsuit, he is entitled to judicial immunity from plaintiff's claims. That plaintiff seeks only equitable or injunctive relief has no bearing on this outcome. *See Mireles*, 502 U.S. at 11. Accordingly, plaintiff's complaint should be dismissed.

### C. Failure to State a Legally Cognizable Claim

Defendant further moves to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a legally cognizable claim. Defendant argues that plaintiff's allegations that defendant declared him to be a vexatious litigator under Ohio law, *see* Doc. 1 at 2, 4, 8, do not support his claims that he suffered a deprivation of his constitutional Fourteenth Amendment rights. In support, defendant cites to *Agg v. Flanagan*, 855 F.2d 336, 339 (6th Cir. 1988), where the Sixth Circuit stated:

> An incorrect decision by the Ohio court does not constitute a deprivation of due process of law that the federal courts must redress. The proper course to correct a mistake is by appeal. It is only the claim that Ohio's procedures do not allow a vindication of plaintiff['s] rights that states a cognizable [constitutional] violation.

Defendant further argues that plaintiff's complaint does not meet the pleading criteria for stating

9

claims under 42 U.S.C. §§ 1985(1), (2), or (3). (Doc. 8 at 8-9).

In response, plaintiff contends that his complaint is well-pleaded and meets the pleading standards set forth in *Twombly* and *Iqbal*. Plaintiff supports his assertion by citing to exhibits attached to his complaint relating to the underlying claims of the Ohio state lawsuit involving Liberty. Plaintiff maintains that these documents prove that defendant conspired with Liberty in declaring him to be a vexatious litigator for purposes of stating a claim under § 1985. (Doc. 10 at 2-4).

Section 1985 of Title 42 provides a cause of action for conspiracy to deprive individuals equal protection of the law. *See* 42 U.S.C. § 1985(3).[5] To state a § 1985(3) claim, plaintiff must allege that (1) two or more persons conspired (2) for the purpose of depriving the plaintiff of the equal protection of the laws due to racial or class-based discriminatory animus, (3) an act "in furtherance of the object of such conspiracy" and (4) an injury to the plaintiff resulting from such act. *See United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). *See also Ashbiegu v. Purviance*, 76 F. Supp.2d 824, 830 (S.D. Ohio 1998). "[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Center for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).

Plaintiff's complaint fails to allege any specific dates, times, or locations regarding defendant's purported conspiratorial acts. Further, his allegation that defendant "would then

---

[5] Plaintiff does not identify under which section his § 1985 claim arises. Upon review of his allegations and arguments, it appears that his claim arises under § 1985(3) and, accordingly, the Court's analysis is limited to this subsection. However, out of an abundance of caution and in the event plaintiff asserts otherwise, the undersigned notes that the complaint fails to state a claim under either 42 U.S.C. §§ 1985(1) or (2). Section 1985(1) of Title 42 prohibits two or more persons from conspiring to prevent "any person from accepting or holding any office . . . or from discharging any duties thereof. . . ." 42 U.S.C. § 1985(1). Section 1985(2) of Title 42 pertains to conspiracies

conspire with [Liberty] to unlawfully declare [p]laintiff a vexatious litigator" (Doc. 10 at 3) is conclusory and unsupported by specific facts. Such vague assertions do not suffice to state a § 1985(3) conspiracy claim or to survive a Rule 12(b)(6) challenge. *See Center for Bio–Ethical Reform, Inc.*, 477 F.3d at 832. Finally, plaintiff has not alleged the racial or class-based animus necessary to support a conspiracy claim under § 1985. *See Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) (a plaintiff must allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus") (citations omitted); *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (same). The undersigned therefore finds that plaintiff has failed to state a claim for relief under 42 U.S.C. § 1985(3). Accordingly, plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a legally cognizable claim.

Given the above recommendation that plaintiff's complaint should be dismissed because: (1) this Court is precluded from reviewing the matter by the *Rooker-Feldman* doctrine; (2) defendant is entitled to judicial immunity; and (3) plaintiff has failed to state a legally cognizable claim under 42 U.S.C. § 1985, it is unnecessary to reach the merits of plaintiff's motion for summary judgment (Doc. 11), which should be denied as moot.

**IT IS THEREFORE RECOMMENDED THAT** defendant Rudduck's motion to dismiss (Doc. 8) be **GRANTED** and that plaintiff's motion for summary judgment (Doc. 11) be **DENIED** as moot.

Date: 4/6/15

Karen L. Litkovitz
United States Magistrate Judge

---

aimed at deterring witnesses or jurors in federal court. 42 U.S.C. § 1985(2). Plaintiff's complaint contains no allegations whatsoever that could plausibly be construed as stating a claim under either of these subsections.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN EASTERLING,
    Plaintiff,

vs.

JUDGE JOHN W. RUDDUCK
    Defendant.

Case No. 1:14-cv-876

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).